### PAYNE v. UNITED STATES.

#### Civ. No. 3306.

United States District Court
M. D. Pennsylvania.

Aug. 11, 1949.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for the United States.

John Robert Payne, pro se.

WATSON, Chief Judge.

John Robert Payne, the petitioner, represented by counsel entered pleas of guilty in this Court on January 14, 1946 to charges in two indictments: one in No. 11440 charging a violation of 18 U.S.C. A. § 317 [now § 1708] in that he did steal and take a letter deposited in the United States mails; and the other in No. 11439 charging a violation of 18 U.S.C.A. § 753h [now § 751] in that he did attempt to escape from federal custody. The petitioner was sentenced on January 16, 1946 to five years imprisonment in one case and five years imprisonment in the other case, to be served consecutively and not concurrently.

While incarcerated under these judgments and commitments in the United States Penitentiary, Atlanta, Georgia, petitioner filed in this Court on December 13, 1948, a Motion to Vacate Sentence in forma pauperis under Section 2255 of the New Judicial Code, which provides remedies on motions attacking sentence, 28 U. S.C.A. § 2255. In this motion petitioner prays for the vacating of sentence in Criminal Case No. 11439 on the grounds that this Court was without jurisdiction and that the indictment does not show an offense against the United States for the reasons that the indictment, warrant and final mittimus in that case show petitioner was not in federal custody at the time of the attempt to escape but was in the custody of officers of the Commonwealth of Pennsylvania. In an amendment to this motion, petitioner alleges delay in issuing a federal warrant and in taking him before a United States Commissioner after his arrest by city authorities. On February 2, 1949, the United States filed answers to the motion and amended motion with attached affidavits and exhibits, which set forth the date petitioner came into federal custody and a subsequent date on which petitioner attempted to escape. The answer to the amended motion refers to a warrant issued by the United States Commissioner on the same day that petitioner was arrested by the city authorities.

28 U.S.C.A. § 2255 provides in part: "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." On April 7, 1949, this Court denied the Motion to Vacate Sentence, without requiring production of the prisoner, and stated in the Order: "I have carefully considered all that is contained in the pleadings, the files and records in this case and in Criminal Case No. 11439. There are no relevant facts in dispute and my conclusion is that the petitioner is not entitled to the relief prayed for and that the Motion to Vacate Sentence should be denied."

On April 21, 1949, petitioner filed a Motion for Rehearing alleging that his attempt to escape occurred on a certain date prior to his coming into federal custody. Petitioner raised a question as to whether his acts constituted an attempt to escape and also renewed his allegation of delay in issuing a federal warrant and in taking him before a United States Com-

missioner after his arrest by city authorities. June 3, 1949 was fixed as the time for hearing to consider revocation of this Court's order of April 7, 1949 denying petitioner's Motion to Vacate Sentence. At this hearing petitioner did not present any testimony to sustain his allegation of delay in issuing a federal warrant and in taking him before a United States Commissioner. The question as to whether petitioner's acts were sufficient to constitute an attempt to escape was not properly before the Court on a motion of this kind. Therefore the only question of fact before the Court at this hearing was whether petitioner's attempt to escape occurred when he was in federal custody.

The records in Criminal Case No. 11440 show clearly that the petitioner was taken into federal custody on November 8, 1945. The return on the warrant in that case states: "Received this warrant on the 7th day of November, 1945, at Lewisburg, Pa., and executed the same by arresting the within named John Robert Payne at Lycoming County Jail, Williamsport, Pa., on the 8th day of November, 1945, and have the body now in court as within I am commanded. Robert W. Rabb, U. S. Marshal, Middle District of Penna., Per, signed Mark C. Blank, Deputy. 8th day of November, 1945. Defendant taken before U. S. Commissioner, M. Edward Toner, Williamsport, Pa., and in default of $3,000.00 bail committed to Lycoming County Jail." The return on the final mittimus states: "Received this Mittimus with the within named Prisoner, on the 8th day of Nov. A.D. 1945, and on the same day I committed the Prisoner to the custody of the Jail Keeper named in said mittimus, with whom I left at the same time a certified copy of this Mittimus. Dated Nov. 8th, 1945, Robert W. Rabb, United States Marshal, Middle District of Penna., By Mark C. Blank, Deputy."

Petitioner contends in his pleadings and testified at the hearing that his attempt to escape from the Lycoming County Jail occurred on the evening of November 7, 1945. In support of this contention, petitioner points to his indictment in Criminal Case No. 11439, which charges that, "* * * John Robert Payne, did, on or about the 7th day of November, 1945, knowingly, wilfully, unlawfully and feloniously attempt to escape from such custody as aforesaid * * *"

To contradict this testimony, the United States called as a witness Joseph M. Schmucker, who is and was in November, 1945, the Sheriff of Lycoming County and the Warden of Lycoming County Jail. Schmucker testified that Payne attempted to escape from the Lycoming County Jail approximately two weeks after his commitment on November 7, 1945 and subsequent to the lodging with the Sheriff of a federal commitment. In an affidavit signed by Schmucker on January 24, 1949, he fixed the time of Payne's attempt to escape as Sunday, November 25, 1945. The United States called next as a witness Eugene Rosato, who was turnkey of the Lycoming County Jail in November, 1945. Rosato testified that Payne was brought to the jail "ten to fourteen days before the attempted break", and that Payne's attempt to escape occurred "at least a couple of weeks" after Payne was committed to the Lycoming County Jail under a federal warrant. Both Schmucker and Rosato testified that soon after Payne was committed to the jail the jail authorities discovered that a rope mop was missing; that two days later part of a rope ladder made from the mop was found in a cell adjoining Payne's cell; that Payne was seen going in and out of the adjoining cell for the next four or five days; that when the rope ladder was completed and removed from the adjoining cell, Payne was called to the warden's office where he admitted his attempted escape and plans for escape by use of the rope ladder; and that the rope ladder was found in Payne's cell. Howard C. MacMinn, who is and was in November, 1945 Post Office Inspector, Williamsport, Pennsylvania, testifying from a report he prepared for the Post Office Department on November 27, 1945, from information received from Joseph M. Schmucker, related a similiar story about the mop and rope ladder and also stated: "It was definitely November 25th that he (Payne) attempted to escape."

When the petitioner entered his plea of guilty to the charge in Indictment No. 11439 the door was closed against the introduction of evidence to show that when he attempted to escape he was not in federal custody, and the Order of this Court, entered April 7, 1949, denying the Motion to Vacate the Sentence was proper. However, in view of the novelty of the Act under which the Motion to Vacate the Sentence was made, the absence of any established procedure, and the circumstances in this particular case, this Court has given to the petitioner an opportunity to show by evidence that when he attempted to escape he was not in federal custody, which petitioner has failed to show.

From the records and the evidence, this Court finds the following facts:

1. The indictment in Criminal Case No. 11439 charged that John Robert Payne attempted to escape from federal custody "on or about November 7, 1945."

2. John Robert Payne was arrested by the Williamsport City Police on November 7, 1945.

3. A Federal Warrant to Apprehend John Robert Payne was issued by Andrew A. Leiser, Jr., United States Commissioner, Lewisburg, Pennsylvania, on November 7, 1945, and was served on John Robert Payne at the Lycoming County Jail, Williamsport, Pennsylvania on November 8, 1945 by the United States Marshal for the Middle District of Pennsylvania.

4. On November 8, 1945, a final mittimus was issued by M. Edward Toner, United States Commissioner, Williamsport, Pennsylvania, commanding the United States Marshal for the Middle District of Pennsylvania to commit John Robert Payne to the custody of the keeper of the Lycoming County Jail and commanding the keeper of said jail to receive John Robert Payne, prisoner of the United States, into his custody. The directions of this mittimus were carried out on November 8, 1945 by the United States Marshal for the Middle District of Pennsylvania by committing John Robert Payne to the custody of the keeper of the Lycoming County Jail.

5. John Robert Payne attempted to escape from the Lycoming County Jail after November 8, 1945 and before November 26, 1945.

6. John Robert Payne was in the custody of federal authorities when he attempted to escape from the Lycoming County Jail.

### Conclusions of Law:

1. John Robert Payne was in federal custody after November 8, 1945 when he was in the Lycoming County Jail within the meaning of the term "federal custody" as used in 18 U.S.C.A. § 753(h) by virtue of certain processes issued under the law of the United States by a United States Commissioner and executed by a United States Marshal.

2. When John Robert Payne entered his plea of guilty to the indictment in Criminal Case No. 11439, he did not plead guilty to an attempt to escape from federal custody on November 7, 1945 and on no other date, but he did plead guilty to an attempt to escape from federal custody on approximately November 7, 1945.

3. Proof of the commission of a crime at a time before the indictment was found and on a date other than that mentioned in the indictment is sufficient to sustain a judgment and commitment so long as the date of commission is within the Statute of Limitations.

4. John Robert Payne was in federal custody when he attempted to escape from the the Lycoming County Jail, and this Court had jurisdiction in Criminal Case No. 11439.

5. The Motion to Vacate Sentence should be denied.